UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH MELGER, | No. 2:16-cv-1103 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DANIEL WESP, Deputy District Attorney, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On May 23, 2016, plaintiff filed a civil rights complaint claiming that plaintiff was denied the right to a fair trial due to the criminal charges levied by defendant Wesp. Plaintiff alleges that he was charged with a lesser offense, and that had he been charged with a greater offense, he would have suffered a lesser penalty than he sustained. (ECF No. 1.)

On June 6, 2016, plaintiff was advised that he must submit a completed affidavit in support of his request to proceed in forma pauperis. On June 20, 2016, plaintiff filed a request for a sixty day extension of time in which to submit the documents because he was transferred and lost his property. On June 21, 2016, plaintiff filed a motion to amend the complaint to add defendants and new claims. The next day, he filed motions to appoint counsel and for discovery.

1

First, plaintiff's motions filed on June 21 and 22 are premature. This action cannot proceed until plaintiff either pays the $400.00 filing fee or submits a completed in forma pauperis application that bears the certification filled out by an authorized prison official and a certified prison trust account statement for the last six month period. Plaintiff provided a copy of an inmate statement report on June 22, 2016. (ECF No. 10 at 3.) However, the statement was not certified by prison officials. 28 U.S.C. § 1915(a)(2). Plaintiff is granted an extension of time to submit these documents required by the June 6, 2016 order. The Clerk of the Court is directed to send plaintiff an application to proceed in forma pauperis by prisoners.

Second, plaintiff may amend his complaint once as a matter of right. Fed. R. Civ. P. 15. However, plaintiff must submit an amended complaint that is complete in itself. Because plaintiff was not required to file a motion to amend in order to amend the complaint, and he did not submit an amended complaint that contained all of his claims against all of the named defendants, his motion to amend is denied without prejudice.

Third, plaintiff's motion for appointment of counsel is premature. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

At this stage of the proceedings, the court cannot determine whether plaintiff is likely to succeed on the merits of his claims, particularly where he intends to amend his pleading to name

1 additional defendants and add new claims.  Thus, plaintiff's motion for appointment of counsel is
2 denied without prejudice.

3 Fourth, similarly, plaintiff's motion for discovery is premature, and is denied without
4 prejudice.  Until the court finds that plaintiff has a cognizable civil rights complaint on file, and
5 defendants have appeared in the action, any request for discovery is premature.

6 Fifth, plaintiff is cautioned that a state prosecuting attorney enjoys absolute immunity
7 from liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar
8 as he acts within his role as an "advocate for the State" and his actions are "intimately associated
9 with the judicial phase of the criminal process."  Imbler v. Pachtman, 424 U.S. 409, 430-31
10 (1976).  Thus, to the extent plaintiff is attempting to seek damages for defendant Wesp's actions
11 in prosecuting plaintiff, including deciding what criminal charges to file against plaintiff, such
12 efforts are unavailing.  Defendant Wesp enjoys absolute immunity for his actions in prosecuting
13 plaintiff, including determining what criminal charges to levy against plaintiff.

14 Sixth, to the extent that plaintiff claims that defendant Wesp engaged in prosecutorial
15 misconduct during the course of the underlying criminal action, or denied plaintiff a fair trial,
16 plaintiff must seek relief through a petition for writ of habeas corpus under 28 U.S.C. § 2254.
17 However, plaintiff must exhaust his state court remedies as to each claim.[1] [2]

---

[1] The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

  Here, plaintiff appealed his criminal conviction, and on July 2, 2013, the California Court of Appeal, Third Appellate District (Yolo), modified the judgment to award plaintiff custody and conduct credits, but otherwise affirmed the conviction.  People v. Thomas Joseph Melger, Case No. C073019, 2013 WL 3353952 (Cal. Ct. App. July 2, 2013).  To date, the California Supreme Court has no record of any case being filed by or on behalf of plaintiff. http://appellatecases.courtinfo.ca.gov, accessed June 23, 2016.

  Plaintiff may be able to file a habeas petition raising unexhausted claims and seek to stay the petition and hold it in abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005), provided he can meet the Rhines conditions.  Mena v. Long, 813 F.3d 908 (9th Cir. 2016) (holding that

Finally, plaintiff is cautioned that failure to provide the documents required by the June 6, 2016 order will result in the dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time (ECF No. 5) is granted;

2. Within sixty days from the date of this order, plaintiff shall file both documents required by the June 6, 2016 order;

3. Plaintiff's motions to amend (ECF No. 8), for appointment of counsel (ECF No. 10), and for discovery (ECF No. 11), are denied without prejudice; and

4. The Clerk of the Court is directed to send plaintiff the following forms: application to proceed in forma pauperis by a prisoner; and a petition for writ of habeas corpus.

Dated:  June 27, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/melg1103.eot+

---

Rhines stay and abeyance procedure applies to completely unexhausted petitions as well as mixed petitions).  See also Pace v. DiGuglielmo, 544 U.S. 414, 416 (2005) (stating that prisoners who are "reasonably confused" about their state's timeliness rules may file "protective" petitions in federal court and ask the court to stay and abey the federal habeas corpus proceedings under Rhines until the state remedies are exhausted);

[2]  Plaintiff is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).