UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH MELGER, | No. 2:16-cv-1103 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DANIEL WESP, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has submitted a complete request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). However, the court will not assess a filing fee at this time. Instead, the undersigned summarily dismisses the complaint.

On June 24, 2016, plaintiff filed a first amended complaint as of right under Rule 15 of the Federal Rules of Civil Procedure. (ECF No. 15.) On July 12, 2016, plaintiff filed a motion to amend, accompanied by his second amended complaint. (ECF Nos. 23, 24.) Plaintiff seeks to clarify the nature of his claims, asserting that he is not challenging his underlying conviction, that

the district attorney incorrectly charged him, or that his current prison sentence is too long.  (ECF No. 23; 24 at 4.)  Therefore, plaintiff's motion to amend is granted, and the court now screens plaintiff's second amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

2

1   In reviewing a complaint under this standard, the court must accept as true the allegations of the

2   complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

3   favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

4   grounds, Davis v. Scherer, 468 U.S. 183 (1984).

5         Here, plaintiff alleges that the District Attorney's office of Placer County is liable on a

6   failure to train theory under Section 1983 based on Brady[1] violations committed by subordinate

7   prosecutors in his underlying criminal prosecution.  Plaintiff asserts that Brady violations were

8   caused by the defendants' deliberate indifference to an obvious need to train prosecutors to avoid

9   such constitutional violations.  Plaintiff contends defendants are liable under the "policy of

10  inaction," citing Canton v. Harris, 489 U.S. 378 (1989).  Specifically, plaintiff claims that his

11  "uncharged" greater offense of "theft or fraud of a check, alteration of a check" was suppressed in

12  the "silent record," or "discovery that was never issued to him." (ECF No. 14 at 4.)  Plaintiff

13  contends that the district attorney's office failed to train its employees on how to disclose the

14  greater offense when the evidence of the greater offense is exculpatory and favorable to the

15  defendant.  Plaintiff argues that if the greater offense was charged as California Penal Code

16  §§ 476/473(b), it would operate to reduce Penal Code 530.5(a) identity theft to a misdemeanor

17  per se.  Plaintiff asserts that once defendants appear, plaintiff will be able to prove his case by

18  discovering the evidence that was not disclosed in his case, citing Connick v. Thompson, 563

19  U.S. 51 (2011).  In conclusion, plaintiff claims that the defendants violated his Eighth

20  Amendment rights and were deliberately indifferent because they were obligated to disclose the

21  exculpatory evidence of the greater offense of California Penal Code §§ 476/473(b), and are

22  therefore liable for their failure to train.

23        A state prisoner may not recover damages under § 1983 for allegedly unconstitutional

24  imprisonment, or for any other harm caused by "actions whose unlawfulness would render the

25  imprisonment invalid," unless he can prove that the conviction or other basis for confinement has

26  been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus). Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "A state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Here, plaintiff's challenge would necessarily implicate the validity of his underlying criminal conviction. In his motion to amend, plaintiff concedes that had the prosecution disclosed the Brady material, it would change the outcome of his underlying criminal case because it would operate to reduce the charged offense and trigger constitutional error under Chapman v. California, 386 U.S. 18 (1967), and would reduce the felony to a misdemeanor of the lesser included offense. (ECF No. 23 at 3.) Thus, if plaintiff wishes to challenge the district attorney's office's failure to release evidence of plaintiff's greater offense, even under a failure to train theory, he must first obtain a reversal of his conviction through a writ of habeas corpus under 28 U.S.C. § 2254.

Plaintiff's reliance on Connick, 563 U.S. at 51, is unavailing for two reasons. First, in Connick, the prisoner's conviction was vacated, so the prisoner's civil rights claims were not barred by Heck. Second, and more importantly, in Connick, the Supreme Court held that a district attorney's office could not be held liable under § 1983 for failure to train based on a single Brady violation. Connick, 563 U.S. at 54. The prisoner in Connick relied on a theory of "single-incident" liability hypothesized in City of Canton, Ohio v. Harris, 109 S. Ct. 1197 (1989).[2] The

---

[2] "In Canton, the Court left open the possibility that, "in a narrow range of circumstances," a pattern of similar violations might not be necessary to show deliberate indifference. [Board of Comm'rs of] Bryan Cty., 520 U.S. 397, 409 (1997). The Court posed the hypothetical example of a city that arms its police force with firearms and deploys the armed officers into the public to capture fleeing felons without training the officers in the constitutional limitation on the use of deadly force. Canton, supra, at 390, n.10. Given the known frequency with which police attempt to arrest fleeing felons and the "predictability that an officer lacking specific tools to handle that situation will violate citizens' rights," the Court theorized that a city's decision not to train the officers about constitutional limits on the use of deadly force could reflect the city's deliberate indifference to the "highly predictable consequence," namely, violations of constitutional rights. Bryan Cty., supra, at 409. The Court sought not to foreclose the possibility, however rare, that the

1   Court found that the failure to train prosecutors in their <u>Brady</u> obligations does not fall within the
2   narrow range of Canton's hypothesized single incident liability.  <u>Connick</u>, 563 U.S. at 63.  The
3   Supreme Court found that <u>Brady</u> violations differ dramatically from the hypothetical involving
4   armed police in <u>Canton</u>.  <u>Connick</u>, 563 U.S. at 64-68.  The civil rights "statute does not provide
5   plaintiffs or courts *carte blanche* to micromanage local governments throughout the United
6   States."  <u>Connick</u>, 563 U.S. at 68.  "The reason why the <u>Canton</u> hypothetical is inapplicable is
7   that attorneys, unlike police officers, are equipped with the tools to find, interpret, and apply legal
8   principles."  <u>Connick</u>, 563 U.S. at 69.  Here, plaintiff does not assert a failure to train claim based
9   on pattern or practice, but similarly relies on the alleged failure of prosecutors to disclose
10  discovery in his criminal prosecution.  Thus, plaintiff's claim is unavailing under <u>Connick</u> or
11  <u>Canton</u>.

12         Accordingly, plaintiff's second amended complaint is dismissed without prejudice.  Leave
13  to amend should be granted if it appears possible that the defects in the pleading could be
14  corrected, especially if a plaintiff is pro se.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir.
15  2000) (en banc); <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se
16  litigant must be given leave to amend his or her complaint, and some notice of its deficiencies,
17  unless it is absolutely clear that the deficiencies of the complaint could not be cured by
18  amendment.") (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after
19  careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may
20  dismiss without leave to amend.  <u>Cato</u>, 70 F.3d at 1005-06.

21         Because plaintiff's claim is barred under <u>Heck</u>, granting plaintiff leave to amend his
22  pleading again would be futile.  Therefore, plaintiff's second amended complaint is dismissed
23  without leave to amend, but without prejudice.

24  ////
25  ////
26  
27  unconstitutional consequences of failing to train could be so patently obvious that a city could be liable under § 1983 without proof of a pre-existing pattern of violations."  <u>Connick</u>, 563 U.S. at
28  63-64.

5

Finally, on July 13, 2016, plaintiff filed a motion asking the court to reconsider its order denying plaintiff's motion for discovery. However, in light of the above ruling, plaintiff's motion for discovery is now moot; thus, the court denies the motion for reconsideration.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted;

2. Plaintiff's motion to amend (ECF No. 23) is granted;

3. Plaintiff's complaint is dismissed without prejudice as barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994); and

4. Plaintiff's motion for reconsideration (ECF no. 27) is denied.

Dated: July 19, 2016

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/melg1103.56