UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH MELGER, | No. 2:16-cv-1103 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DANIEL WESP, | |
| Defendant. | |

Plaintiff is a state prisoner, without counsel, proceeding with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. His complaint was filed in this court on May 23, 2016. On July 19, 2016, plaintiff was granted leave to proceed in forma pauperis, and plaintiff's complaint was dismissed without prejudice. Judgment was entered on July 22, 2016. Plaintiff filed an appeal, and on August 10, 2016, the appellate court filed a referral notice asking this court to determine whether plaintiff's in forma pauperis status should continue for this appeal, or whether the appeal is frivolous or taken in bad faith.

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court . . . certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; . . . .

1

1  Fed. R. App. P. 24(a).  Such appeal is taken in "good faith" where it seeks review of any issue
2  that is "nonfrivolous."  Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002); see
3  also Huffman v. Boersen, 406 U.S. 337, 339 (1972) ("In the federal system, 'good faith' has
4  'been defined as a requirement that an appeal present a non-frivolous question for review.'")
5  (quoting Cruz v. Hauck, 404 U.S. 59, 62 (1971) (Douglas, J., concurring)).  In turn, an issue is
6  frivolous if it has "no arguable basis in fact or law."  O'Loughlin v. Doe, 920 F.2d 614, 617 (9th
7  Cir. 1990).

8  In his second amended complaint, plaintiff alleged that the District Attorney's office of
9  Placer County was liable on a failure to train theory under 42 U.S.C. § 1983 based on Brady[1]
10 violations committed by subordinate prosecutors in his underlying criminal prosecution.  This
11 court dismissed plaintiff's complaint as barred by Heck v. Humphrey, 512 U.S. 477, 486-87
12 (1994), because plaintiff's challenge would necessarily implicate the validity of his underlying
13 criminal conviction.  (ECF No. 29.)  Therefore, the court finds that plaintiff's appeal is not taken
14 in good faith, and his in forma pauperis status is revoked.

15 In accordance with the above, IT IS HEREBY ORDERED that plaintiff's in forma
16 pauperis status (ECF No. 29) is revoked.  See Fed. R. App. P. 24(a).

17 Dated:  August 12, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/melg1103.ngf

---

[1]  Brady v. Maryland, 373 U.S. 83 (1963).